UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JACQUELINE A. HOWELL** | **CASE NO. 6:18-CV-1083** |
| **VERSUS** | **JUDGE JUNEAU** |
| **DOLGENCORP, LLC, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the Court upon referral from the district judge is the Motion to Remand filed by plaintiff, Jacqueline A. Howell [Rec. Doc. 16]. The motion is jointly opposed by Ace American Ins. Co. and XL Insurance America, Inc. (jointly, "Ace and XL") [Doc. 18], and by DG Louisiana, LLC, Dolgencorp LLC, and Dollar General Corp. [Doc. 19], which adopt the opposition brief of Ace and XL. For the following reasons, the undersigned recommends that the motion to remand be DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts relevant to the instant motion are not disputed. On February 3, 2014, the plaintiff, Jacqueline Howell, allegedly fell while shopping at a Dollar General store in Lafayette, Louisiana. She alleges "she sustained injuries to her left side, including left shoulder, left elbow, left knee, left ankle/foot, including a fibula fracture."[1] Before the plaintiff filed suit in the Fifteenth Judicial District

---

[1] *See* plaintiff's original Petition, Doc. 3.

Court for the Parish of Lafayette, Louisiana on January 28, 2015, she had already undergone a November 18, 2014 surgical procedure on her left foot, in which her left foot was totally reconstructed. Her medical bills at that time totaled $7,675.00 for the surgery and $100,855.10 for hospital charges.

In her state court lawsuit, the plaintiff sued Dolgencorp, LLC and Dollar General Corporation. Dollar General Corporation is the sole member of Dolgencorp, LLC and is incorporated in the state of Tennessee, with its principal place of business in Tennessee. Thus, for diversity purposes, defendants were deemed to be citizens of the state of Tennessee. On March 22, 2018, plaintiff filed a First Supplemental and Amending Petition, adding DG Louisiana, LLC as a defendant. DG Louisiana LLC is an LLC whose sole member is Dollar General Corporation, which again, is a citizen of Tennessee. Then on July 24, 2018, the plaintiff filed a Second Supplemental and Amending Petition, adding Dollar General's insurers, Ace and XL. Ace is incorporated in the state of Pennsylvania and has it principal place of business in the state of Pennsylvania. It is deemed to be a citizen of the states of Pennsylvania and Tennessee, the citizenship of its insured. XL is incorporated in the state of Delaware with its principal place of business in Connecticut. It is deemed to be a citizen of the states of Delaware, Connecticut, and Tennessee (the citizenship of its insured).

Ace and XL were served on August 15, 2018 through the Louisiana Secretary of State. On August 22, 2018, within thirty days of being served, XL and Ace removed the matter to this Court. Plaintiff then filed her Motion to Remand within thirty days after removal. In her motion, plaintiff argues that removal of the instant matter was untimely, because the matter has been pending in state court for almost four years. She argues that eight depositions have been taken and discovery is largely complete, a significant number of motions (including a motion for partial summary judgment) have been filed and ruled on, and one contested ruling has been appealed to the Louisiana Third Circuit Court of Appeal and been ruled on. Finally, she argues that at the time the removal was perfected, this matter was set for trial in the state court on November 26, 2018. Respondents argue that the removal is timely, because under established jurisprudence, the "one-year rule" for removal is not applicable in cases that could have been removed when the matter was pending in state court.

## ANALYSIS

The record is clear and the parties do not dispute that because the amount in controversy at the time the plaintiff filed her petition exceeded $75,000 and the parties were diverse in citizenship, the matter was removable. The plaintiff argues

that under 28 U.S.C. §1446(c), the matter is not removable after one year of commencement of the action, as follows:

> (c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C.A. §1446(c) (West). The plaintiff argues the only exception to this rule would be a court finding that the plaintiff acted in bad faith to prevent removal, an argument that is not made in this case. Thus, because the plaintiff filed her lawsuit on January 28, 2015, and removal was not perfected until August 22, 2018, the plaintiff argues the removal is not timely.

In response, the defendants argue that under Section 1446(b), the "one-year rule" only applies to cases that were <u>not</u> originally removable, as follows:

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

4

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. §1446(b) (West)

The defendants cite *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998) for definitively answering the question. In *Deshotels*, the court was faced with the question of "whether the one-year limitation for removal of diversity cases under Section 1446(b) applies only to those state court cases that are not initially removable, or to all diversity cases that a defendant seeks to remove." 142 F.3d at 885. In *Deshotels*, the plaintiff filed a state court action on April 20, 1995 against New York Life Ins. Co., which received notice of the action on May 27, 1996, when New York Life received a copy of an ex parte motion to consolidate the lawsuit with two other lawsuits. New York Life then removed the

matter to federal court on June 4, 1996, more than thirteen months after the original petition was filed. The plaintiff filed a motion to remand on grounds the removal was untimely. Noting the federal district courts were "disunited on the issue," and in the absence of Supreme Court or circuit court jurisprudence answering the question, the court deconstructed the language of Section 1446(b) and determined that "Section 1446 requires that we interpret the one-year limitation on diversity removals as applying only to the second paragraph of that section, i.e., *only to cases that are not initially removable*."[2] *Id.* at 866 (emphasis added). Noting that the initial pleading in *Deshotels* set forth a case that was removable on the basis of diversity jurisdiction, notice of removal of the matter was required to be filed within thirty days after receipt by the defendant of a copy of the initial pleading. Because the defendant in question removed the matter within thirty days of receiving notice of the original petition, the court held that the removal was timely.

Two years later, the Fifth Circuit reaffirmed *Deshotel* in *Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th Cir. 2000), noting the rule was settled law:

---

[2] In December 2011, Section 1446 was amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. However, the amendment did not change the law on the limitations of the one year bar. Courts continue to apply *Deshotel* after the amendment. See *Eclipse Aesthetics LLC v. Regenlab USA, LLC,* 2016 WL 4800342 (N.D. TX 9/12/160 (denying motion to remand case removed after one year because case was initially removable); see also *Sampson v. Mississippi Valley Silica Company,* 268 F.Supp.3d 918, 925-26 (S.D. MS 2017); and *Shaffer v. Green Earth Technologies, Inc.,* 2017 WL 2628883 (W.D. TX 6/19/2017).

6

> This Circuit has held that the first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not removable originally but become removable at a later time, *and the one-year limitation on removals applies only to the second paragraph of that section, i.e., only to cases that are not initially removable. New York Life Ins. Co. v. Deshotel et al.*, 142 F.3d 873, 886 (5th Cir.1998). ("Section 1446 requires that we interpret the one-year limitation on diversity removals as applying only to the second paragraph of that section, i.e., only to cases that are not initially removable.... The first paragraph applies only to civil actions in which the case stated by the initial pleading is removable. The second paragraph applies only to civil actions in which the initial pleading states a case that is not removable.... [I]f the statute is read as written, it is not plausible that Congress intended to affect the statement of the first paragraph by creating an exception to that made by the second paragraph." Id.). . . . Accordingly the parties, the district court, and this court agree that, because the present case was removable upon its initial pleading, the Co-defendants' ultimate removal of this case is not governed by the second paragraph of § 1446(b) or its one-year limitation.

(emphasis added) (additional citations omitted).

The plaintiff cites to a federal district court case – *Howell v. St. Paul Fire and Marine Ins. Co.*, 955 F.Supp. 660 (M.D. La. 1997) – in support of her argument. But *Howell* – decided before *Deshotels* – is distinguishable on its facts and is consistent with *Deshotels* and its progeny. In *Howell*, the lawsuit was not immediately removable, the defendant removed the suit more than one year after notice of the initial pleadings, and the court held the removal was untimely. 955 F.Supp. at 663. In doing so, however, the court made the following point:

> There are only two classifications made in section 1446(b) – suits initially removable and those which are not. To determine whether the one year time limit applies, you must first determine whether the suit was initially removable. *If the suit is initially removable, the one year limitation does not apply*. However, the thirty-day period to remove from receipt of the complaint by service or otherwise does apply in such a case. If the suit is not initially removable, then both the one year limitation and the thirty-day period to remove apply. The one year limitation runs from the date the suit is commenced, which in Louisiana is the date the suit was filed. The thirty-day period runs from the date the defendant receives the complaint by service or otherwise.

*Id.* at 663 (emphasis added).

Applying the foregoing principles to the instant case, the undersigned concludes that because the instant matter was initially removable, the one-year period for removing the action does not apply. However, the thirty-day period does apply, and Ace and XL must have removed the matter within thirty days of their first notice of the petition. The record shows Ace and XL were served on August 15, 2018, and they filed their notice of removal on August 22, 2018. Thus, the removal of the instant matter was timely, and the motion to remand must be denied.

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that Motion for Remand filed by the plaintiff [Doc. 16] is DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 17th day of December, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE