# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JACQUELINE A. HOWELL | CASE NO. 6:18-CV-1083 |
| VERSUS | JUDGE JUNEAU |
| DOLGENCORP, LLC, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## RULING AND ORDER

Before the Court is the Motion for Leave to File Third Supplemental and Amending Petition [Doc. 20], filed by the plaintiff Jacqueline A. Howell. The motion is jointly opposed by Ace American Ins. Co. and XL Insurance America, Inc. (jointly, "Ace and XL") [Doc. 23], and by DG Louisiana, LLC, Dolgencorp LLC, and Dollar General Corp. (jointly, "Dollar General") [Doc. 24], which adopt the opposition brief of Ace and XL. For the following reasons, the motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to the instant motion are not disputed and have been set forth in this Court's Report recommending denial of the plaintiff's Motion to Remand [Doc. 16]. Those findings are referenced herein *in globo*. In short, this Court recommended denial of the plaintiff's Motion to Remand [Doc. 16], and the district judge agreed [Doc. 28]. As an alternative to remand on the grounds of

untimeliness of the removal, the plaintiff seeks to amend her complaint by adding a non-diverse defendant post-removal, whose presence in the lawsuit would require remand of this matter to the state court. Specifically, the plaintiff seeks to add Shelli Miller as a party defendant. Ms. Miller is an employee of Dollar General, who was working on the day of the plaintiff's accident, as testified to by other employees of Dollar General. The plaintiff seeks to assert negligence claims against Ms. Miller for her actions in allegedly placing an obstruction in the aisle at Dollar General, which allegedly was the cause of the plaintiff's accident and injuries. All defendants oppose the inclusion of Ms. Miller as a party to the lawsuit, arguing the plaintiff is attempting to add Ms. Miller for the sole purpose of defeating diversity jurisdiction and requiring remand of this matter to state court. For the following reasons, the Court agrees that Ms. Miller should not be joined in this matter, and the motion to add her is, therefore, DENIED.

## II. ANALYSIS

Under 28 U.S.C. §§1447(c), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Rule 15(a)(2) of the Federal Rules of Civil Procedure make clear that leave to amend a complaint should be freely given "when justice so requires." Fed.R.Civ.P

15(a)(2). The jurisprudence is clear, however, that when confronted with an amendment to add a non-diverse party after removal, courts are cautioned to use discretion in deciding whether to allow that party to be added. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). *Accord Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371 (9th Cir.1980); *McIntyre v. Codman & Shurtleff*, 103 F.R.D. 619 (S.D.N.Y.1984); *Grogan v. Babson Brothers Co. of Illinois*, 101 F.R.D. 697 (N.D.N.Y.1984). Amended pleadings in such cases are to be scrutinized "more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. In the instant matter, if the Court grants the motion to amend and allows Ms. Miller to be joined, the Court must remand this matter to state court. If the Court denies the joinder, the matter cannot be remanded.

In deciding whether to allow leave to amend, the Fifth Circuit in *Hensgens* set forth the following factors a court should consider in deciding whether to allow the joinder of a non-diverse party post removal, to wit:

1. The extent to which the purpose of the amendment is to defeat federal jurisdiction;

2. Whether the plaintiff has been dilatory in asking for amendment;

3. Whether the plaintiff will be significantly injured if amendment is not allowed; and

4. Any other factors bearing on the equities.

833 F.2d at 1182. "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." *Hengens*, 833 F.2d at 1182.

## A. Hensgens Factors

This Court will consider each *Hensgens* factor in turn.

### 1. The extent to which the purpose of the amendment is to defeat federal jurisdiction

In the instant case, this factor weighs heavily in favor of denying the amendment. The plaintiff waited more than three years to add Miller as a defendant even though the plaintiff knew of her existence shortly after filing suit. The plaintiff amended her petition twice while the matter was pending in state court and did not attempt to add Miller in either of those amending petitions. Moreover, the plaintiff filed the motion to amend approximately four weeks after she filed her motion to remand, and approximately ten days after the defendants opposed her motion to remand. The timing of the motion to amend is suspect, and it is clear to the Court that the plaintiff is attempting to defeat federal jurisdiction. For this reason, this factor weighs heavily in favor of denying the amendment.

## 2. Whether the plaintiff has been dilatory in asking for amendment

This factor also weighs heavily in favor of denying the amendment. The plaintiff waited three years to attempt to add Miller as a defendant, and only after the case was removed. The record shows that the plaintiff was aware of Miller's existence within five months after filing her lawsuit in state court. The record shows that on October 29, 2015, the plaintiff deposed Wendy B. Lewark, Dollar General's lead sales associate at the time of the incident. Ms. Lewark identified Miller, confirmed that Miller was working that day, and described her involvement in the events giving rise to the plaintiff's accident. On that same day, the plaintiff deposed Dollar General's assistant manager, Pamela Romagosa, who also described to plaintiff's counsel Miller's identity and involvement. On September 17, 2015, the plaintiff noticed Miller's deposition. Although Miller could not be served with a deposition subpoena at that time, and was, therefore, not deposed, the plaintiff nevertheless could have added her as a party defendant but chose not to do so. Consequently, the Court concludes the plaintiff was dilatory in attempting to add Miller as a defendant, and this factor weighs in favor of denying the amendment.

**3. Whether the plaintiff will be significantly injured if amendment is not allowed**

This factor also weighs in favor of denying the amendment. Dollar General and its insurers can be subject to vicarious liability for the actions of its employees, and the state court granted a partial summary judgment to that effect in the plaintiff's favor. Therefore, the defendants before the Court can adequately litigate the claims alleged against them and their employee, and the presence of Miller as a defendant is not necessary to fully adjudicate all claims that have already been pled. Additionally, both Dollar General and its insurers are capable of paying any potential judgment that is awarded to the plaintiff, therefore her presence in the lawsuit is unnecessary.

Considering the foregoing, this Court believes the *Hensgens* factors favor a denial of the requested amendment in this lawsuit.

## III. CONCLUSION

For the above-assigned reasons, the Motion for Leave to File Third Supplemental and Amending Petition [Doc. 20] filed by the plaintiff is DENIED.

**THUS DONE AND SIGNED** this 14th day of February, 2019.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**